UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Savalas Crosby,                           :      Case No. 1:06CV0416
                                          :
           Petitioner                     :      Judge Patricia A. Gaughan
                                          :
     v.                                   :      Magistrate Judge David S. Perelman
                                          :
Stuart Hudson, Warden,                    :
                                          :      **REPORT AND RECOMMENDED**
                                          :      **DECISION**
           Respondent                     :

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his July 15, 2002 conviction pursuant to a jury trial of one count of murder and one count of having a weapon while under a disability, upon which he was sentenced to an aggregate term of 18 years to life in prison.

On September 19, 2002 petitioner, acting through new counsel, appealed his convictions to the Ohio Eighth District Court of Appeals, alleging three assignments of error:

> 1. Whether Defendant Savalas Crosby was denied the effective assistance of counsel in the case at bar and thus the appellant was not afforded his constitutional rights to counsel pursuant to the Sixth Amendment and to Due Process and a fair trial pursuant to the Fifth and Fourteenth Amendments of the United States Constitution.
>
>    A. Whether Appellant was not afforded the effective assistance of counsel in violation of his Sixth Amendment right to counsel and a fair trial and the right to Due Process pursuant to the Fifth and

1

> > Fourteenth Amendments of the United States Constitution as a result of defense counsel's failure to file any motions related to numerous issues involving the identification of the Appellant by the State's witnesses.
>
> > B. Whether Appellant was denied the effective assistance of counsel by counsel's failure to file a Motion in Limine requesting a prohibition of the presentation of evidence regarding any gang affiliation the State alleges the Appellant had at the time of the offense.
>
> 2. Whether Defendant Savalas Crosby was entitled to a new trial because the verdict was against the manifest weight of the evidence.
>
> 3. Whether Defendant Savalas Crosby was entitled to a new trial because as a matter of law, the evidence was insufficient to prove his guilt beyond a reasonable doubt.

On December 31, 2003 the appellate court affirmed the judgment of conviction and sentence. Petitioner filed a motion to reconsider that decision, and that motion was denied on March 8, 2004.

On April 22, 2004 petitioner appealed the appellate court ruling to the Ohio Supreme Court alleging the following two propositions of law:

> **Proposition of Law No. I:** Appellant Savalas Crosby was denied the effective assistance of counsel in the case at bar and thus, the Appellant was not afforded his constitutional rights to counsel pursuant to the Sixth Amendment and to Due process and a fair trial pursuant to the Fifth and Fourteenth Amendments of the Unitd [sic] States Constitution.
>
> **Proposition of Law No. II:** Appellant Savalas Crosby was entitled to a new trial because the verdict was against the sufficiency and manifest weight of the evidence.

On August 4, 2004 the supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal that decision to

2

the United States Supreme Court.

On August 24, 2005, more than a year after the decision of the state supreme court, petitioner filed an application to reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, claiming that he had been denied the effective assistance of *trial* counsel. On October 26, 2005 the appellate court denied petitioner's Rule 26(B) application, finding that it had been untimely filed and that he had failed to make the requisite showing of good cause for the untimely filing.

Petitioner did not appeal the denial of his application to reopen his direct appeal.

The petitioner in this action, which carries the filing date of February 23, 2006 but is entitled to the effective date of January 4, 2006 when it was executed by petitioner, advances the the following three claims for relief:

> **A.** **GROUND ONE:** The petitioner was denied the effective assistance of counsel due to the fact that he was not afforded his constitutional rights to counsel pursuant to the Sixth Amendment and to due process and a fair trial pursuant to the Fifth and Fourteenth Amendments of the United States Constitution.
>
> **Supporting FACTS:**[1] In the present case, trial counsel never filed a request for discovery pursuant to Ohio Rule of Criminal Procedure 16, thus denying the petitioner the ability to properly prepare for trial in violation of his Sixth Amendment to counsel and Fifth and Fourteenth Amendment rights to due process....Additionally, defense counsel failed to file a motion for voir dire of identification witnesses and for an order disclosing other evidence used in the identification process....
>
> Petitioner was further denied the effective assistance of counsel by counsel's failure to file a motion in limine requesting a prohibition of the presentation of evidence regarding any gang affiliation the state alleged the petitioner had at the time of the offense....

---

[1] For the sake of brevity, only pertinent portions of petitioner's lengthy supporting facts have been set out.

**B.	GROUND TWO:** The petitioner was entitled to a new trial because the verdict was against the sufficiency and manifest weight of evidence.

**Supporting FACTS:** At trial, the State did not offer any physical evidence linking the petitioner to the murder of Andre Reed. Instead, the State relied on testimony of three (3) alleged eyewitnesses who, after being shown a photograph of the petitioner by the East Cleveland Police, picked him out of a mug book and identified him as the perpetrator....

The defense provided testimony from ten (10) alibi witnesses in refuting evidence that the petitioner was at the scene of the crime at the time of the shooting. Section 3(B) 3, Article IV of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact finder and has the authority and duty to weigh the evidence.

**C.	GROUND THREE:** The petitioner was denied the effective assistance of counsel and thus, the petitioner was not afforded his constitutional rights to counsel pursuant to the Sixth Amendment and to Due process and a fair trial pursuant to the Fifth and Fourteenth Amendments of the United States Constitution.

**Supporting FACTS:** In the present case, petitioner in his direct appeal, raised serious issues which go to the very heart of effective assistance of counsel. The severity of the potential sentence demanded that defense counsel be apprised of the facts surrounding this case before going to trial. As stated in petitioners affidavit attached to his state application for reopening, defense counsel's failure to file a Request for Discovery, a Motion for a Bill of Particulars, a Motion for Voir Dire or Suppression of Identification Witnesses or a Motion in Limine to eliminate any and all references to gang activity cannot be seen as tactical in nature. Further, defense counsel's failure to view the crime scene before trial, his failure to interview potential witnesses or call witnesses he was aware of who were willing and able to testify as to the petitioner's whereabouts at the time of the incident or defense counsel's failure to offer objections to evidence introduced by the Prosecutor's office again cannot be seen as tactical in nature, but a total abdication of his responsibility to defend his client....

Respondent has moved to dismiss the instant petition as having been untimely filed.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

Title 28 U.S.C. § 2244 provides that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired. After entry of a final judgment of a "state court of last resort," a criminal defendant has ninety days to file a petition for writ of certiorari, according to Rule 13 of the Rules of Court of the United States Supreme Court. That one year limitations period begins to run upon the expiration of the time for filing a petition for writ of certiorari for direct review in the United States Supreme Court. Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000). Section 2244(d)(2) further provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings. Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

The Ohio Supreme Court and the Sixth Circuit Court of Appeals have determined that a Rule 26(B) application to reopen an appeal is a collateral, post-conviction relief procedure. Lopez v. Wilson, 426 F.3d 339 (6th Cir. 2005); Morgan v. Eads, 104 Ohio St.3d 142, 818 N.E.2d 1157 (2004). Accord, Chapman v. Moore, Case No. 1:04CV0361, 2005 U.S.Dist. LEXIS 33139

(N.D.Ohio December 15, 2005) (Judge Wells). Thus, the filing of such an application would toll the running of the one year limitation period under §2244(d) while it is "actually pending" before the Ohio courts. Bronaugh v. Ohio, 235 F.3d 280, 283-286 (6th Cir. 2000). In order to toll the limitations period that application must have been "properly filed," which the United States Supreme Court has defined as being "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g., requirements concerning the form of the document, applicable time limits upon its delivery, the court and office in which it must be lodged, and payment of a filing fee." Artuz v. Bennett, 531 U.S. 4 (2000). If a state court finds that a post-conviction or other collateral proceeding has not been "properly filed" in accordance with state procedural rules it will not toll the AEDPA limitations period. Pace v. DiGuglielmo, 544 U.S. 408 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).")

In the present case petitioner's conviction became final on November 2, 2004, ninety days after the state supreme court dismissed his direct appeal on August 4, 2004. The one year limitations period for filing a petition for writ of habeas corpus began to run on the following day, November 3, 2004 and expired one year later on November 3, 2005.

Although during that time petitioner filed his Rule 26(B) application to reopen his direct appeal the state appellate court found it to have been untimely, rendering it "improperly filed" for the purpose of tolling the AEDPA limitations period.

This petition, not having been filed until January 4, 2006 the date upon which it was signed, is untimely.

Petitioner admits as much, but argues that he is entitled to equitable tolling in light of his

6

appellate counsel's ineffectiveness in filing an "untimely and improper application for reopening[,]" as well as his failure to allege ineffective assistance of appellate, as opposed to trial, counsel in that application.

> [A petitioner] bears the burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002)*. "Typically, equitable tolling applies only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). In determining whether to apply the doctrine, we consider the following factors:
>
>> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.
>
> *Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.), cert. denied, 534 U.S. 1057, 151 L.Ed.2d 566, 122 S.Ct. 649 (2001)*. "These factors are not necessarily comprehensive and they are not all relevant in all cases." *Miller v. Collins, 305 F.3d 491, 495 (6th Cir. 2002)*.
>
> \* \* \* \* \*
>
> [A]ttorney error is an inadequate justification for equitable tolling in this circuit.  See *Jurado v. Burt, 337 F.3d 638, 644-45 (6th Cir. 2003)* ("Generally, 'a lawyer's mistake is not a valid basis for equitable tolling.'" (quoting *Whalen v. Randle, 37 Fed. Appx. 113, 120 (6th Cir. 2002)*)); *see also Colwell v. Tanner, 79 Fed. Appx. 89, 92-93 (6th Cir. 2003)* (holding that an attorney's "unwise" choice to file a habeas petition late was "not grounds for tolling the statutorily mandated one-year limitations period"), *cert. denied, 541 U.S. 974, 158 L.Ed.2d 469, 124 S.Ct. 1884 (2004); Elliot v. Dewitt, 10 Fed. Appx. 311, 313 (6th Cir. 2001)* ("An attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling.")

7

Martin v. Hurley, 150 Fed. Appx. 513, 516-17, 2005 U.S.App. LEXIS 22499 (6th Cir. 2005).

In the present case petitioner argues that although he planned on filing a timely petition for writ of habeas corpus his attorney told him that if he filed a Rule 26(B) application to reopen such a filing would extend the time within which a habeas petition needed to be filed, information petitioner contends to have been deceptive and motivated by greed.  At the time, however, petitioner agreed that the attorney should file the application.

Petitioner's arguments are unpersuasive in several regards. Most significant is the fact that as a general proposition the Sixth Circuit Court of Appeals has rejected attorney error as a justification for equitable tolling absent circumstances such as an attorney abandoning the client due to mental illness or due to his having left town.  Cantrell v. Knoxville Comm. Dev. Corp., 60 F.3d 1177, 1180-81 (6th Cir. 1995); Burton v. U.S. Postal Service, 612 F.Supp. 1057 (N.D. Ohio 1985).  In addition, even though petitioner does not claim ignorance regarding the filing requirement he waited more than a year after the state supreme court denied leave to appeal on direct appeal before filing his Rule 26(B) application to reopen in order to further extend the limitations period for filing his habeas petition, he did not appeal the court's denial of his application, and then he waited another several months after the denial to file his habeas petition, all of which reflect negatively on his diligence in pursuing his rights.  Finally, absence of prejudice is not to be considered, as no "factor that might justify tolling [has been] identified.'"  Allen v. Yukins, 366 F.3d 396, 401-02, 404 (6th Cir.), cert. denied, 543 U.S. 865 (2004).

Having failed to make the requisite showing, petitioner is not entitled to equitable tolling of the limitations period.

This being so, it is recommended that the petition be dismissed as time-barred.

                                      s/DAVID S. PERELMAN
                                      United States Magistrate Judge

DATE:    January 23, 2007

## OBJECTIONS

       Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).